UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEIONA ELLIOTT, | ) | |
| | ) | No. 20 cv 2706 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY DEMANDED |
| | ) | |
| BOARD OF EDUCATION OF THE | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, KEIONA ELLIOTT, by counsel, Moor Law Office, P.C., complaining of the BOARD OF EDUCATION OF THE CITY OF CHICAGO, states as follows for her Complaint at Law:

1. This is an action for employment discrimination brought to secure relief, legal and equitable, for discrimination based on sex, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.C.S. § 2000e *et seq.* ("Title VII"), and for relief under state law. The jurisdiction of this Court is invoked to secure protection of, and to redress deprivation of, rights guaranteed by law, which rights provide for injunctive and compensatory relief for illegal discrimination in employment.

### Jurisdiction and Venue

1. Jurisdiction over this case is conferred on the Court by 42 U.S.C. §§ 1331, 1343, and 28 U.S.C. § 1367(a).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in the District and the unlawful employment practices alleged herein were committed in the District.

3. On May 1, 2017, pursuant to Defendant's policy on sexual harassment, the Plaintiff filed a complaint of sexual harassment with the Chicago Public School Equal Opportunity Compliance Office ("EOCO"), which investigated. The EOCO found that sexual harassment had occurred but took no action because the harasser had allegedly retired.

4. On or about September 20, 2017, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), charge number 440-2017-05569, alleging sexual harassment. The Charge sought compensatory and injunctive relief. (Ex. A, EEOC Charge).

5. On February 10, 2020, U.S. Department of Justice, Civil Decision, closed its investigation and issued Plaintiff a right to sue letter and notice. (Ex. B, Right to Sue letter).

6. Plaintiff filed this civil suit within 90 days of her receipt of the notice of her right to sue, having filed this action on May 4, 2020.

**Parties**

7. Plaintiff Keiona Elliott ("Plaintiff") currently resides, and at all relevant times alleged herein resided, in the City of Chicago. Plaintiff is an African-American female. Plaintiff at all relevant times was an "employee" within the meaning of Title VII, 42 U.S.C. § 2000(e)(f), having been employed by Defendant between April 2014 and the present.

8. The Board of Education of the City of Chicago is and was at all relevant times a municipal corporation organized and existing under the laws of the State of Illinois, which maintained, managed, and/or operated the City of Chicago's public schools. It is an "employer" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b) because at all relevant times it engaged in activities affecting commerce and employed thousands of persons.

**General Allegations**

9. Plaintiff was hired by the Board of Education to work part time on April 2014 as a security guard, and became full time in March 2015. She was assigned to the Al Raby High School in Chicago.

10. Her supervisor was Joseph Barr, a security employee who was also the football coach at Al Raby.

11. Barr and Chicago Public Schools Dean of Students at Al Raby, D'Angelo Dereef, both described Barr as Plaintiff's supervisor to Plaintiff and others.

12. Beginning immediately Joseph Barr, while training Plaintiff, created a hostile work environment that continued through March 17, 2017.

13. Once or twice a week he would state that he wanted to put her breasts on his mouth, would compliment Plaintiff's "titties," and he would reach out towards Plaintiff and pretend to touch her breasts.

14. Plaintiff complained to a co-Dean of Students and a week later the Principal, Femi Skanes, held a meeting with the security staff to review the Sexual Harassment policy. Barr stopped making inappropriate comments until the beginning of the next school year.

15. However, commencing with the 2015-2016 school year, Barr resumed sexually harassing again. Several times a week Barr would make comments about Plaintiff's breasts, would purposefully stare at them, would pretend to reach for them. Barr would tell Plaintiff that he could follow her home and that no one would need to know that they had been together. Plaintiff asked Barr to stop, and reported his conduct to Dean of Students D'Angelo Dereef. Dereef would talk to Barr, and told Plaintiff that he had talked to Barr. Barr would stop harassing the Plaintiff for a matter of days after Dereef's intervention, but would then resume.

16.     Barr's conduct continued, with the knowledge of Dereef, until March 17, 2017 when Barr approached Plaintiff and said "what I was about to say. . ." While Plaintiff waited for Barr to complete his sentence he stared at her breasts, and then pointed at them. As Plaintiff turned to leave, he grabbed one of her breasts. Plaintiff started for Dereef's office and Barr begged her to not report him. When Plaintiff informed Dereef what had happened Dereef told Barr that he knew that Bar "did not do that." Plaintiff then reported the matter to Principal Skanes.

17.     Plaintiff, at all relevant times, performed her job as a security guard in a manner that met or exceeded the expectations of the Board of Education.

## COUNT I – Sexual Harassment

18.     Plaintiff adopts paragraphs 1 – 17 above as paragraphs 1 – 17 of Count I, as if fully set forth herein.

19.     The Defendant created a hostile work environment between 2014 and March 2017 in which the Plaintiff was repeatedly and regularly subjected to unwelcome and outrageous sexual harassment by a supervisor. Alternatively, the Defendant created a hostile work environment between 2014 and March 2017 by allowing a co-worker to continue to sexually harass the Plaintiff even after it had been fully informed of the harassment.

20.     As a proximate result of Defendant's illegal conduct, Plaintiff has suffered anxiety, emotional distress, physical illness, damage to her reputation, loss of income, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, Plaintiff, KEIONA ELLIOTT, by counsel, respectfully prays that this Court provide the following equitable and legal remedies:

a.     Enter a permanent injunction against Defendant prohibiting it from further acts of sexual harassment;

b.    Award compensatory damages;

c.    Award punitive damages;

d.    Award Plaintiff the costs of litigation, including reasonable attorney's fees and expert fees and expenses; and

e.    Any other relief that this Court deems just.

Plaintiff demands trial by jury.

### COUNT II – Intentional Infliction of Emotion Distress

21.    Plaintiff adopts paragraphs 1 – 20 above as paragraphs 1 – 20 of Count II, as if fully set forth herein.

22.    As a result of the extreme and intentional conduct alleged above, which was a clear violation of the Board of Education's policy on sexual harassment and of the existing law, the Plaintiff suffered severe emotion distress.

55.    As a proximate result of Defendant's illegal conduct, Plaintiff has suffered anxiety, emotional distress, physical illness, damage to her reputation, loss of income, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, Plaintiff, KEIONA ELLIOTT, by counsel, respectfully prays that this Court enter Judgment against the BOARD OF EDUCATION OF THE CITY OF CHICAGO for compensatory damages and the costs of this suit.

Plaintiff demands trial by jury.

/s/ Edward R. Moor
Attorney for Plaintiff

MOOR LAW OFFICE, P.C.
One N. LaSalle Street, Suite 600
Chicago, Illinois 60602
312-726-6207
erm@moorlaw.net